```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF NEW YORK

------------------------------X  Docket#
UNITED STATES OF AMERICA,     : 19-MJ-474-AYS
                              :
     - versus -               : U.S. Courthouse
                              : Central Islip, New York
                              :
                              :
VALERIE CINCINELLI,           : May 17, 2019
           Defendant          : 4:42 PM
------------------------------X

         TRANSCRIPT OF CRIMINAL CAUSE FOR ARRAIGNMENT
            BEFORE THE HONORABLE ANNE Y. SHIELDS
               UNITED STATES MAGISTRATE JUDGE
```

**A  P  P  E  A  R  A  N  C  E  S:**

| | |
|---|---|
| **For the Government**: | **Richard P. Donoghue, Esq.**<br>United States Attorney |
| BY: | **Catherine Mirabile, Esq.**<br>**Lara Gatz, Esq.**<br>Assistant U.S. Attorney<br>100 Federal Plaza<br>Central Islip, NY 11722 |
| **For the Defendant**: | **Tracey Gaffey, Esq.**<br>Federal Defenders of NY<br>770 Federal Plaza<br>Central Islip, NY 11722 |
| **Transcription Service**: | **Transcriptions Plus II, Inc.**<br>61 Beatrice Avenue<br>West Islip, New York 11795<br>laferrara44@gmail.com |

Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

                                                                    2
                            Proceedings
1            THE CLERK:  Calling 19-mj-474, United StateS OF
2    America v. Vaerlie Cincinelli.
3            Please state your appearances for the record.
4            MS. MIRABILE:  Catherine Mirabile for the
5    United States.
6            Good afternoon, your Honor.
7            THE COURT:  Good afternoon.
8            MS. MIRABILE:  And with me is Assistant United
9    States Attorney Lara Gatz, as well.
10           THE COURT:  Good afternoon.
11           MS. GATZ:  Good afternoon.
12           MS. GAFFEY:  Good afternoon, your Honor.
13           Tracey Gaffey, Federal Defenders for Valerie
14   Cincinelli.
15           THE COURT:  Good afternoon.
16           So we are here for the defendant's first
17   appearance on a complaint.  Can I first have the agent
18   stand up.  I have the complaint before me.  Do you swear
19   everything in this complaint is true to the best of your
20   knowledge?
21           THE AGENT:  I do.
22           THE COURT: Okay.  I will sign that.
23           Okay, turning to the defendant, let me ask you
24   first whether you've had an opportunity to discuss this
25   matter with your lawyer before I came out here today?

                                                                    3
                          Proceedings
1            THE DEFENDANT:  Yes, ma'am.
2            THE COURT:  Okay.  And so she's explained to
3    you why you're here today, correct?
4            THE DEFENDANT:  Yes, ma'am.
5            THE COURT:  Okay.  And so has she gone over the
6    complaint with you?
7            THE DEFENDANT:  Yes, ma'am.
8            THE COURT:  Okay.  I want to advise you that
9    you're here because you're charged in a complaint with
10   the crime of murder for hire in violation of 18 USC 1958
11   and what I want to do first is advise you of certain
12   rights you have under the Constitution.
13           First of all, you have a right to counsel.  You
14   understand Ms. Gaffey is your lawyer.  She's here for you
15   today, whether you're paying for her or not.
16           Do you understand that?
17           THE DEFENDANT:  Yes, ma'am.
18           THE COURT:  Okay.  You also have Fifth
19   Amendment rights and those are rights with respect to the
20   making of statements.  You need not make any statement.
21   If you started making statements, you can stop at any
22   time.
23           Do you understand that?
24           THE DEFENDANT:  Yes, ma'am.
25           THE COURT:  Okay.  Let me ask your lawyer,

Proceedings

4

1  Ms. Gaffey, do you waive a preliminary hearing in this
2  case?
3              MS. GAFFEY:  No, your Honor.
4              THE COURT:  All right.  So then we'll schedule
5  a hearing if necessary in due course.
6              Let me go to the government on the question of
7  bail.
8              MS. MIRABILE:  Yes, the United States is asking
9  for a permanent order of detention.  We have submitted a
10 detention memo to your Honor.  We note that this is a
11 presumption case.  The defendant is charged in the
12 complaint with a crime of violence.  One of the intended
13 victims of the murder for hire plot is also a minor
14 child.  Based on those reasons, the defendant -- it is a
15 presumption case.
16             We would also note as set forth in the
17 detention memo, that this murder for hire plot was
18 largely hatched, and carried out, in the defendant's home
19 with the use a cell phone, and discussions that were held
20 in the home.
21             It's the government's position that there's no
22 conditions that could reasonably ensure the safety of the
23 community, and in particular, John Doe and Jane Doe.
24             The defendant has a history of volatile
25 relationships.  Has orders -- there's an order of

Proceedings

1   protection against -- that was issued by prior husbands,
2   by a current husband, but there -- I recognize that there
3   is also an order of protection that she has against him,
4   as well but there's clearly volatile relationships with
5   several individuals and --
6            THE COURT:  The first order of protection is
7   just against her; is that right?
8            MS. MIRABILE:  That's correct.
9            THE COURT:  Okay.
10           MS. MIRABILE:  And for the second husband,
11  there are coinciding --
12           THE COURT:  Go both ways.
13           MS. MIRABILE:  -- simultaneous -- orders of
14  protection, and with an individual that she currently has
15  a relationship, there is a volatile relationship.
16           The evidence in this case is overwhelming.
17  There are audio recordings and video recordings with
18  statements of the defendant in furtherance of the murder-
19  for-hire plot, statements about intending to kill the
20  John Doe and Jane Doe, and having a hitman commit those
21  murders.  And the government submits that there are no
22  conditions that would ensure the safety of the community.
23           THE COURT:  Thank you.
24           Can I hear from the defense?
25           MS. GAFFEY:  Yes, your Honor.  We realize that

                                                                6
                          Proceedings

1    the strength of the government's case is only one aspect
2    that your Honor has to consider in this case.  My client
3    has deep roots in the community.  She's a United States
4    citizen.  She's lived in the area all of her life.
5             She is a mother of two young children, and also
6    in addition, my reading of the pretrial services report,
7    which is the document that's before the Court as of now,
8    the order of protection is in her favor against an
9    individual, and that she is the protected person.
10            THE COURT:  With respect to one of them, the
11   current one, yes.
12            MS. MIRABILE:  With respect to one of them.  So
13   she also has employment history.  She has one brother in
14   court today, who is willing to sign a bond on her behalf.
15   In addition, she owns her own home.  The equity in that
16   home is approximately $140,000.
17            We believe that we can present a bail package
18   that will overcome the presumption in this case,
19   certainly will overcome any issue as to risk of flight.
20            As to dangerousness, we have one potential
21   suretor in the courtroom today, her brother who is a
22   financially responsible person, and according to the
23   information before your Honor, in the pre-trial services
24   report, her sister, who is also a financially responsible
25   person, and owns property, is willing to be a suretor.

                                                              7
                          Proceedings

1    She has another brother who is a financially responsible
2    person, a member of the FBI, owns property, and is
3    willing to have that property used to secure a bond.  And
4    she has another brother who is also a working person,
5    financially responsible, and also is willing to be a
6    surety in this case.
7              So with multiple properties, with individuals
8    who will be able to exercise moral suasion, and assure
9    the Court that she would be under their auspices, we
10   believe that that will go a long way to assuring the
11   safety of the community with any other conditions your
12   Honor sees fit to set, including curfew, and electronic
13   monitoring, as well as pretrial service supervision, and
14   continued medical care.
15             THE COURT:  Government?
16             MS. MIRABILE:  The government submits that
17   those conditions are not sufficient to ensure the safety
18   of the community.  This defendant hatched, and largely
19   carried out this murder for hire plot within her own
20   home, through conversations with individuals, hiring
21   individuals to carry this out, on her behalf, and any
22   suretor that the defendant might propose for a risk of
23   flight doesn't then equal a safety to the community.
24             And the government submits that those
25   conditions do not ensure the safety of both John Doe, and

Proceedings

8

1 Jane Doe.
2 With respect to her employment, I will note
3 that she is on modified duty for infractions in her
4 employment, for her -- I believe it's set forth in the
5 bail -- the detention memo that she violated rules and
6 regulations of the NYPD, which were substantiated and she
7 was disciplined with respect to that.
8 So merely because she is employed by the NYPD
9 does not mean that she has certainly been an upstanding
10 member of the NYPD.
11 MS. GAFFEY: Your Honor, if I may just briefly
12 respond? With respect to hiring individuals, et cetera,
13 I read the complaint, as well. There doesn't seem to be
14 multiple individuals that the government is alleging that
15 she sought to hire. So I am not sure what's --
16 THE COURT: You mean sought to hire to commit
17 the crime?
18 MS. GAFFEY: Correct.
19 THE COURT: It's one person.
20 MS. GAFFEY: Right. And also --
21 THE COURT: I don't think the government is
22 alleging it's more than one person.
23 MS. MIRABILE: No.
24 THE COURT: One person is enough.
25 MS. MIRABILE: One person to murder, two

Proceedings

1 individuals.
2     THE COURT: To commit two --
3     MS. MIRABILE: Multiple individuals.
4     THE COURT: Exactly, right.
5     MS. GAFFEY: Also whether or not the alleged
6 crime was "hatched in her home", I don't think has any
7 bearing on the bail conditions in this case. With
8 respect to other individuals who are charged in different
9 kinds of crimes, certainly conditions are set with
10 respect to electronic monitoring, with respect to
11 computer monitoring, with respect to limited use of other
12 facilities. So we respectfully submit that there are
13 conditions, monitoring conditions that can be set.
14     And since she is presently not working,
15 certainly unless and until she finds different employment
16 or other employment if she going to, or goes back to
17 work, certainly she could be monitored in her own home,
18 but I would also emphasize that she has two minor
19 children that she cares for, and they are five years old,
20 and ten years old, and --
21     THE COURT: And there are fathers in the
22 pictures that could take care of the children, right?
23     MS. GAFFEY: I am not --
24     THE COURT: I think pretrial indicated that
25 that was the case.

Proceedings

1  MS. MIRABILE:  My understanding is there's
2  shared custody.
3  THE COURT:  Right.
4  MS. GAFFEY:  But she is the --
5  (Counsel and client confer)
6  MS. GAFFEY:  My client informs me that she has
7  residential custody of --
8  THE COURT:  No, I understand that.
9  MS. GAFFEY:  -- both children.
10  With respect to any disciplinary actions at her
11  employment, we don't know what those entail, what sort of
12  due process she had under those circumstances.  I would
13  respectfully submit that's not something your Honor, that
14  should bear significant -- any significant weight in
15  determining whether or not she is a risk of flight.
16  THE COURT:  I think the government was pointing
17  to that because they were arguing that there was a risk
18  of obstruction of justice, am I right?
19  MS. MIRABILE:  Yes.
20  THE COURT:  Those --
21  MS. MIRABILE:  Yes.
22  THE COURT:  -- charges went to the sharing of
23  confidential information in an improper manner; is that
24  right?
25  MS. MIRABILE:  That is correct.  And I do note

```
                                                          11
                          Proceedings
1    that earlier today, even the defendant sought to obstruct
2    justice and destroy evidence.
3              THE COURT:  Right.  Okay.  And I also note, and
4    the recommendation of pretrial indeed, is that there are
5    no condition or combinations of conditions that could
6    assure the safety of the community, and that's what the
7    issue is here.
8              I'm going to agree with the government and with
9    the pretrial services recommendation, and issue an order
10   of detention today.  I'm finding that there is very
11   strong evidence of guilt.  There are serious danger to
12   the community, and in particular, the two victims here,
13   the prior acts, and -- if I didn't say it before -- the
14   very strong evidence of guilt of the crime of trying to
15   get these two individuals murdered.
16             So again, I don't think there's anything to
17   ensure their safety, or the safety of the community, so I
18   am going to enter the order of detention.
19             I believe the only thing left that you would
20   have to do is order -- arrange for a preliminary hearing,
21   if that becomes necessary.
22             Anything necessary in terms of detention?  Any
23   needs that the defendant would have while incarcerated?
24             MS. GAFFEY:  I would ask your Honor to direct
25   immediate medical attention.
```

                                                                12
                              Proceedings
1           THE COURT:  All right.  I see that you have
2    prepared a medical evaluation order.  Is there anything
3    in particular that you want to bring to their attention
4    or is it general -- is there medication involved?
5           MS. GAFFEY:  There is medication involved, and
6    that --
7           THE COURT:  Okay.  So if you want to fill this
8    out more particularly, I will allow you to do that.
9    (Pause)
10          MS. MIRABILE:  Your Honor, while she is
11   filling that out, can I ask the Court a question?
12          THE COURT:  Sure.
13          MS. MIRABILE:  The appointment of her Federal
14   Defenders, is that for the purposes of the arraignment
15   only or is the defendant -- has the Court made a
16   determination of whether the defendant is eligible for
17   Federal Defenders or CJA going forward?  I note in the --
18          THE COURT:  Well, is there a financial
19   affidavit?
20          MS. MIRABILE:  In the pretrial services report,
21   it certainly indicates that she is employed and --
22          THE COURT:  Yes.
23          MS. MIRABILE:  -- though she has been suspended
24   but that she certainly has assets and equity in her home.
25          THE COURT:  No, I agree with you on that.  So I

```
                                                           13
                         Proceedings
 1   will certainly appoint the Federal Defenders for purposes
 2   of today's proceedings but it does look as if she can
 3   afford a lawyer, but if she can't, she'll make an
 4   application for that.
 5              MS. MIRABILE:  Okay.
 6              THE COURT:  So I am reading what you have put
 7   in the proposed medical order, and I'll sign it as you've
 8   filled it out.
 9              Anything else from the government?
10              MS. MIRABILE:  Yes, there's one additional
11   matter.  Pursuant to a search warrant that was signed by
12   the Court, in order to execute a search warrant on an
13   iPhone, we are requesting permission to do facial
14   recognition in order to unlock that iPhone here today.
15              MS. GAFFEY:  I do not consent.
16              THE COURT:  I grant that.
17              MS. MIRABILE:  Thank you.
18   (Pause)
19              UNIDENTIFIED SPEAKER:  You have to touch --
20              MS. MIRABILE:  Go ahead.
21              THE DEFENDANT:  Oh, sorry.
22   (Pause)
23              MS. MIRABILE:  And the last item, your Honor,
24   is to set a date for the preliminary hearing.
25              THE COURT:  Okay, what's the deadline for that?
```

14
Proceedings

1           MS. MIRABILE:  It's 14 days.
2           THE CLERK:  Two weeks.
3           MS. MIRABILE:  It may be 10 days, your Honor.
4    So let's -- to be safe, let's put it down for 10 days.
5           THE COURT:  Yes.
6           THE CLERK:  14.
7           MS. MIRABILE:  I'm sorry, it is 14.  We have
8    confirmed it's 14.
9           THE COURT:  Make sure you're right about that.
10          MS. MIRABILE:  Yes.
11          MS. GATZ:  Yeah.
12          MS. MIRABILE:  It's 14.
13          THE COURT:  June 4th?
14          MS. GATZ:  It's not including weekends.  I
15   think it used to be 10 days and now it's 14, including
16   weekends.
17          MS. MIRABILE:  Yes, so that would be May 31st.
18   May 31st?
19          THE COURT:  What day of the week is that?
20          MS. MIRABILE:  It's a Friday.
21          THE COURT:  Okay.  Anything else from the
22   government?
23          MS. MIRABILE:  No, your Honor.
24          THE COURT:  Anything else from the defense?
25          MS. GAFFEY:  No, your Honor.

```
                                                               15
                         Proceedings
1          MS. MIRABILE:  Thank you.
2          MS. GATZ:  Thank you.
3          THE COURT:  That's very much.
4              (Matter concluded)
5                   -o0o-
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

16

# C E R T I F I C A T E

I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **24TH** day of **May**, 2019.

*Linda Ferrara*
Linda Ferrara

AAERT CET 656

Transcriptions Plus II, Inc.