

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JJD:CMM
F. #2019R00720

*610 Federal Plaza*
*Central Islip, New York 11722*

May 17, 2019

<u>By ECF</u>

Hon. Anne Y. Shields
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

   Re: United States v. Valerie Cincinelli
     <u>Criminal Docket No. 19-MJ-    </u>

Dear Judge Shields:

  The government submits this letter in support of our application for the pretrial detention of the defendant Valerie Cincinelli, who is charged in the complaint captioned above, as there is a serious risk that the defendant poses a danger to the community for which "no condition or combination of conditions will reasonably assure the safety of [] other persons and the community. . ." and there is a "serious risk that the defendant will attempt to obstruct justice." <u>See</u> 18 U.S.C. § 3142(f)(2)(B).  Critically, there is a presumption of detention in this case as the defendant is charged with a crime of violence and a felony "that involves a minor victim…" 18 U.S.C. § 3142(f)(1)(A) and (E).

I. <u>Facts Supporting a Finding of Dangerousness and Detention of Cincinelli</u>

  As set forth in more detail below, the defendant poses a danger to the community as any release on bail would pose a danger to the safety of John Doe and Jane Doe and there is a serious risk that the defendant will attempt to obstruct justice.  The Bail Reform Act, 18 U.S.C. §§ 3141 <u>et</u> <u>seq</u>., and the Second Circuit both authorize the government to present evidence in support of detention by way of proffer. <u>See</u> 18 U.S.C. § 3142(f)(2); <u>see also</u> <u>United States v. LaFontaine</u>, 210 F.3d 125, 130-31 (2d Cir. 2000) (government entitled to proceed by proffer in detention hearings); <u>United States v. Ferranti</u>, 66 F.3d 540, 542 (same); <u>United States v. Martir</u>, 782 F.2d 1141, 1145 (2d Cir. 1986) (same).  The facts below summarize the grounds for the requested relief.  The government also respectfully requests the opportunity to orally supplement the argument at the arraignment scheduled for this afternoon.

A. <u>The Murder-For-Hire Plot</u>

Earlier today, law enforcement officers arrested the defendant Valerie Cincinelli and charged her by complaint with murder-for-hire, in violation of Title 18, United States Code, Sections 1958(a) and 2. This is a crime of violence under the Bail Reform Act. From approximately 2007 to the present, Cincinelli has served as a Police Officer with the New York City Police Department ("NYPD"). If convicted, Cincinelli faces a maximum sentence of 10 years' imprisonment.

As set forth in the Complaint, an investigation by the FBI has revealed that between approximately February 2019 and the present, the defendant has attempted to travel or caused another to travel in interstate commerce from New York to New Jersey, and used and caused another to use interstate commerce facilities with intent to commit multiple acts of violence, specifically the murders of John Doe and Jane Doe (a minor child).

Specifically, a confidential source ("CS")[1] has advised the FBI of the following, in sum, substance and in part: The defendant Valerie Cincinelli requested that the CS hire a hitman to murder John Doe, Cincinelli's estranged husband, and Jane Doe, the CS's minor daughter. The CS told Cincinelli that the CS knew someone who would kill both of them for $7,000. On or about February 18, 2019, Cincinelli made a cash withdrawal of $7,000 from a TD Bank branch in Wantagh, New York to pay the hitman. Bank records confirm the cash withdrawal. Then, Cincinelli gave $7,000 in cash to the CS to give to the hitman in payment for the murders. The CS informed Cincinelli that the CS would convert the $7,000 cash to gold coins and pay the hitman in gold coins. Records obtained from a coin dealership in Massapequa Park, New York confirm that, later that same day, February 18, 2019, the CS purchased five ounces of gold coins for $6,935.

Thereafter, between February 2019 and the present, Cincinelli and the CS discussed the murder-for-hire plot both in person, as well as in communications over cellular telephones, some of said conversations were consensually recorded at the direction of law enforcement. During those conversations Cincinelli explained, in sum and substance, that she wanted John Doe and Jane Doe murdered.

Earlier today, at approximately 10:10 a.m., at the direction of FBI agents, Cincinelli was notified in person by a Suffolk County Police Department ("SCPD") Detective at her home, that her estranged husband had been murdered. The CS was present with Cincinelli at the time of the notification, outfitted with a recording device at the direction of law enforcement. Then, almost immediately after the Detective left the home, Cincinelli began to discussed her alibi – specifically, what she would tell the police if she were to be questioned about the death of her estranged husband.

---

[1] The CS has proven reliable; information provided by the CS has been corroborated by other evidence, including bank and phone records, and audio recordings.

2

      B.      The Defendant's Obstructive Conduct

Then, at approximately 10:48 this morning, an FBI agent, posing as the hitman, sent a text message to the CS, which included a photograph of the defendant's estranged husband appearing dead in his car, and a demand for an additional $3,000 to kill Jane Doe. In response, Cincinelli instructed the CS to delete the text messages and photographs, citing her fear that law enforcement could subpoena the phone.

II.      Legal Analysis

Under the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., this Court is empowered to order the defendant's detention pending trial upon a determination that the defendant is a danger to the community. See 18 U.S.C. § 3142(e). The government has the burden of proving dangerousness by clear and convincing evidence. See United States v. Sabhnani, 599 F.3d at 215 (2d Cir. 2010). The defendant stands charged with the murder-for-hire of her estranged husband and the CS's minor child. This charge carries a presumption of detention, as it is both a crime of violence and an offense involving a minor. 18 U.S.C. § 3142(e).

The Bail Reform Act lists the following four factors as relevant to the determination of whether detention is appropriate: (1) the nature and circumstances of the crimes charged, (2) the history and characteristics of the defendant, (3) the seriousness of the danger posed by the defendant's release, and (4) the evidence of the defendant's guilt. See 18 U.S.C. § 3142(g).

III.      Cincinelli Constitutes a Danger to the Community and Should Be Detained

      A.      The Nature and Circumstances of the Crimes Charged and
              The Seriousness of the Danger Posed by the Defendant's Release

First, as stated *supra*, this is a presumption case. The defendant hired a hitman to kill her estranged husband and the minor child of the CS. There is no greater danger to John and Jane Doe then the defendant. The fact that the "hitman" was an undercover FBI agent is of no import. The audio and video recordings of the defendant discussing the murders are extremely strong evidence of her intent to have them killed. Almost the entire plot was hatched inside of the defendant's own home, employing her cellphone to assist in the planning, including tracking Jane Doe's whereabouts through the use of social media, thus, home detention is not an option as it cannot not insure the safety of the victims.

      B.      The History and Characteristics of the Defendant

The defendant has been romantically involved with several individuals, including her first husband (who obtained an order of protection against her in 2014), her second husband, John Doe (against whom she has an order of protection and vice-versa) and the CS (with whom she had a volatile history). While she is a New York City Police Officer, currently on modified duty (with her firearms removed), she has been brought up on charges of sharing confidential information with the CS and violating other Police Department rules

and regulations in connection with sharing information with the CS, which charges were founded by the Department in 2017. She is the mother of two children, both of whom have fathers that share custody.

      C.      The Evidence of the Defendant's Guilt

The evidence in this case is overwhelming. The defendant was captured on audio and video recording planning the murders, and, once she was advised that the murder of John Doe was effected, she was captured on audio and video planning her alibi and destroying evidence of her involvement in the crime.

VI.      Conclusion

The defendant should be detained as she poses a danger to the safety of John Doe and Jane Doe and there is a serious risk that she will attempt to obstruct justice. Finally, there is a presumption of detention as the defendant is charged with a crime of violence and a felony that involves a minor victim, thus, she should be detained without bail.

    Respectfully submitted,

    RICHARD P. DONOGHUE
    United States Attorney

By:    /s/
    Catherine M. Mirabile
    Lara Treinis Gatz
    Assistant U.S. Attorney
    (631) 715-7850/7913