

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| CMM | *610 Federal Plaza* |
| F. #2019R000720 | *Central Islip, New York 11722* |

June 21, 2019

By ECF
Honorable Sandra J. Feuerstein
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    United States v. Cincinelli
                Criminal Docket No. 19-245 (SJF)

Dear Judge Feuerstein:

      The government submits this letter and attached exhibits in further support of the government's opposition to the defendant's application for bail. To that end, enclosed please find text messages and internet search phrases extracted from the defendant's cell phone.[1] See Exhibits A through C.[2]

      In particular, the enclosed text messages,[3] which are annexed hereto as Exhibit A, evidences the defendant's animus towards Jane Doe, the minor victim in the murder-for-hire plot. For example, on March 4, 2019, the defendant engaged in a series of text message exchanges with the confidential source ("CS"), Jane Doe's father, about Jane Doe,[4] wherein

---

    [1]    Exhibits A through C contain personal identifying information. Accordingly, these exhibits will be filed under seal.

    [2]    Please be advised that, in order to read the text messages chronologically, one should read from the last text message forward, as the most recent text message is the first one. In other words, text messages are stored chronologically with the most recent text message first. Where cited herein, the government will reference the page number at the bottom right hand corner of each page.

    [3]    The attached text messages are a mere sampling of the information extracted from the defendant's cell phone pursuant to a court-authorized search warrant.

    [4]    While the defendant deleted text messages and contacts from her cell phone – which the government charges was done in an attempt to obstruct justice – the government is

the defendant objected to the amount of money she believed the CS was spending on Jane Doe. Specifically, the defendant asked the CS if Jane Doe was living in Howard Beach and "going to a private school your [sic] paying for with my money?" (see Ex. A, p. 3074). The defendant then asked if the source was paying for Jane Doe's iPhone (p. 3073). That same day the defendant asked: "Where is the money" and then "With her?" and "Private school?" (pp. 3048-49). The defendant again texted the CS about Jane Doe's iPhone complaining: "She got the same iPhone 8 in while in [sic] all her photos" and "You paying for it?" (p. 3044). Later that day, the defendant further texted: "You'd have the mortgage money if you weren't supporting her and her mother" (p. 3040). The defendant also texted the CS, sarcastically mocking him about material possessions that he purchased for Jane Doe: "And her Ugg's and Louis viutton [sic] bags", "must be nice", "Wish I had one" (p. 3036); "Maybe it's real just like the Michael Kors ones you bought her too" (p. 3035); "And you buy yours 2000$ hand bags", "fake nails every week" (p. 3033); "Sephora make up" (p. 3032); "Then stop giving her money behind my back" (p. 3030) "And paying her phone" (p. 3029); "And lord knows what else (p. 3028); "You [gave] her $ and you're talking to her behind my back" (p. 3026); and "You can't pay mortgage" "She's got Louis Vuitton bags" "Hair cuts" "Fake nails" and "New clothes" (pp. 3020-21). In addition, when questioning the CS about $100,000 he was to receive from the sale of real estate upstate, the defendant texted "Maybe you sent it to jersey" (pp. 3009-10), which was where the defendant believed Jane Doe lived. The defendant also texted "Yea well I feel threatened you have a relationship with them in jersey behind my back" (p. 2985).

In addition, as the government raised during the June 17, 2019 hearing – and contrary to any representations that the defendant and her estranged husband had largely "settled" their divorce without any issues – the defendant did not wish to share her pension with John Doe, her estranged husband, the other victim in the murder-for-hire plot. On April 16, 2019, the defendant sent the following text: "I'm really pissed off w this pension shit." See Exhibit B. That same day, the defendant conducted the following internet search query, multiple times, on her cell phone: "if your ex dies do you get your whole pension." See Exhibit C. Between April 12 and April 16, the defendant conducted additional internet search queries, such as "is your ex entitled to a disability pension in a divorce ny", "pension and divorce in ny", "amy buttafuocco[5]", "dominic barbara" and "nassau county divorce lawyer." Id. At or about the same time, the defendant also conducted internet searches of Jane Doe's name and suspected hometown. Id.

---

in possession of the CS's cell phone in addition to the defendant's cell phone. Accordingly, the government has been able to determine that the text messages highlighted herein with regard to Jane Doe are messages sent between the defendant and the CS.

[5] As the Court may recall, in 1992, Amy Fisher, a Long Island teenager, was carrying on a love affair with a married man named Joey Buttafuoco. Fisher shot Buttafuoco's wife in the head, severely wounding her; conduct for which Fisher pled guilty to assault and spent seven years in prison. Dominic Barbara was an attorney who represented Buttafuoco.

In sum, in support of our opposition to bail, we respectfully urge the Court to review these exhibits as evidence of the strength of the government's case, and as some examples of the defendant's dangerousness and motive to harm Jane Doe and John Doe.

Accordingly, for the reasons set forth herein, and in the government's May 17, 2019 detention letter and at the June 17 bail hearing, the government submits that there is a serious risk that the defendant poses a danger to the community for which "no condition or combination of conditions will reasonably assure the safety of [] other persons and the community . . ." and there is a "serious risk that the defendant will attempt to obstruct justice." See 18 U.S.C. § 3142(f)(2)(B).

                            Respectfully submitted,

                            RICHARD P. DONOGHUE
                            United States Attorney

By:     /s/
            Catherine M. Mirabile
            Lara Treinis Gatz
            Assistant U.S. Attorneys
            (631) 715-7850/7913

Encl.

Cc:    James Kousouros, Esq. (with enclosures) (by ECF and email)