FILED
CLERK
2:13 pm, Sep 13, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-

VALERIE CINCINELLI,

        Defendant.
------------------------------------------------------X
FEUERSTEIN, J.

OPINION & ORDER
19-CR-245 (SJF)

## I.   Introduction

On May 17, 2019, defendant Valerie Cincinelli ("Defendant") was arrested on a criminal complaint and charged with murder for hire in violation of 18 U.S.C. § 1958(a) and 2. On that same date, *inter alia*, the Honorable Anne Y. Shields, United States Magistrate Judge, upon the Government's motion, held a detention hearing and entered a permanent order of detention.

On or about May 29, 2019, Defendant was indicted on two (2) counts of murder for hire in violation of 18 U.S.C. §§ 1958(a) and 3551, *et seq.*, and one (1) count of obstruction of justice in violation of 18 U.S.C. §§ 1512(c)(1) and 1512(c)(2) and 3551, *et seq*.

Pending before the Court is Defendant's application for pre-trial release on conditions pursuant to 18 U.S.C. § 3142. During the bail hearing held before this Court on June 17, 2019, *inter alia*, decision was reserved on Defendant's application pending a psychological evaluation of Defendant pursuant to 18 U.S.C. §§ 4241 and 4247.

## II.   Analysis

"Under the Bail Reform Act, a court is required to order the pretrial release of a defendant on personal recognizance or after execution of an appearance bond 'unless the judicial

officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.'" *United States v. Boustani ("Boustani II")*, 932 F.3d 79, 81 (2d Cir. 2019) (quoting 18 U.S.C. § 3142(b)); *accord United States v. Zherka*, 592 F. App'x 35 (2d Cir. Feb. 5, 2015) (summary order). "If the district court determines that release on the defendant's personal recognizance creates a risk of flight or a danger to the community, 'the law still favors pre-trial release,' *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007), but 'subject to the least restrictive further condition, or combination of conditions, that [the court] determines will reasonably assure the appearance of the person as required and the safety of any other person and the community,' 18 U.S.C. § 3142(c)(1)(B)." *Zherka*, 592 F. App'x at 35-36; *accord Boustani II*, 932 F.3d at 81.

However, pursuant to 18 U.S.C. § 3142(e), this Court "must order detention if it 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *United States v. Baig*, 536 F. App'x 91, 92 (2d Cir. Sept. 20, 2013) (summary order); *accord Boustani II*, 932 F.3d at 81. "In making this determination, the court must hold a hearing, [18 U.S.C.] § 3142(f), and consider (1) 'the nature and circumstances of the offense charged'; (2) 'the weight of the evidence against the person'; (3) 'the history and characteristics of the person'; and (4) 'the nature and seriousness of the danger to any person or the community that would be posed by the person's release,' *id.* § 3142(g)." *Baig*, 536 F. App'x at 92; *accord Boustani II*, 932 F.3d at 81. In its analysis of the third factor, the court must consider, *inter alia*, "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse,

criminal history, and record concerning appearance at court proceedings." *Baig*, 536 F. App'x at 92 (quoting 18 U.S.C. § 3142(g)(3)(A)).

"In seeking pretrial detention, the government bears the burden of establishing risk of flight by a preponderance of the evidence and dangerousness by clear and convincing evidence." *United States v. Barone*, 387 F. App'x 88, 90 (2d Cir. July 23, 2010) (summary order) (citing 18 U.S.C. § 3142(f) and *Sabhnani*, 493 F.3d at 75); *accord United States v. Artis*, 607 F. App'x 95, 96 (2d Cir. June 23, 2015) (summary order). "In addressing the Bail Act factors, the Second Circuit has noted that a 'serious risk of obstruction of justice may qualify as a danger to the community.'" *United States v. Bruno*, 89 F. Supp. 3d 425, 430 (E.D.N.Y. 2015) (quoting *United States v. LaFontaine*, 210 F.3d 125, 134-35 (2d Cir. 2000)); *accord Zherka*, 592 F. App'x at 35.

In making its decision, the Court has had the benefit of, and has taken into consideration, *inter alia*, a series of recorded conversations and text messages between Defendant and the father of one of the allegedly intended victims; the psychological evaluation of Defendant conducted by clinical psychologist Barry Rosenfeld on July 26, 2019; and the transcript of a July 25, 2019 hearing before the Honorable Jeffrey A. Goodstein, Justice of the Supreme Court of the State of New York, County of Nassau, in the matter assigned Index Number 200061/2018 (the "Family Court Hearing"), which involves one of the allegedly intended victims. Without drawing any conclusions about the merits of the case, the Court finds that the strength of the evidence presented by the Government weighs in favor of the Defendant's continued detention. *See, e.g. United States v. Boustani ("Boustani I")*, 356 F. Supp. 3d 246, 253 (E.D.N.Y. 2019), *aff'd*, 2019 WL 2070656 (2d Cir. Mar. 7, 2019) ("[S]ignificant evidence, including extensive documentation, of a defendant's role in a crime may weigh against release."); *United States v. Choudhry*, 941 F. Supp. 2d 347, 354 (E.D.N.Y. 2013), *appeal withdrawn*, No. 13-1877 (2d Cir.

Aug. 21, 2013) (finding that the evidence against the defendant, including the multiple transcribed conversations in which the defendant was recorded communicating threats to kill multiple people, weighed "strongly in favor of pretrial detention.")

The nature and seriousness of the charged crimes is acknowledged by both parties. The Grand Jury indictment charges: (i) that in or about and between February 2019 and May 2019, Defendant did knowingly and intentionally use and cause another to use one or more facilities of interstate commerce, to wit: one or more cellular telephones, with intent that a murder be committed (a) in violation of New York Penal Law Section 125.25, to wit: the murder of "John Doe," and (b) in violation of New Jersey Code of Criminal Justice Section 2C:11-3 and New York Penal Law Section 125.25, to wit: the murder of "Jane Doe," individuals whose identity is known to the Grand Jury, as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value, in violation of 18 U.S.C. §§ 1958(a) and 3551, *et seq.*; and (ii) that on or about May 17, 2019, Defendant did knowingly, intentionally and corruptly (a) alter, destroy, mutilate and conceal one or more records, documents and objects, to wit: an iPhone 6 cellular telephone, and an iPhone X Max cellular telephone, and the files, communications and images contained thereon, and attempt to do so, with the intent to impair such items' integrity and availability for use in an official proceeding, to wit: the Grand Jury investigation of the murder for hire offenses charged in Counts One and Two of the indictment, in violation of 18 U.S.C. §§ 1512(c)(1), 1512(c)(2) and 3551, *et seq.* That two (2) of the offenses charged involve a crime of violence, one (1) of which also involves a minor victim, strongly weighs in favor of finding that Defendant is a danger to the community, particularly when considered in conjunction with her recorded and texted statements vis-a-vis the allegedly intended victims. These statements indicate, *inter alia*, Defendant's strong resentment against

4

both the minor victim because of her relationship with her father, Defendant's paramour; and her former husband because he may be entitled to share her pension. Contrary to defense counsel's arguments, the best that can be said of Defendant's statements, from her perspective, is that some were ambiguous.

Accordingly, the Court finds by clear and convincing evidence that Defendant poses a danger to the safety of the allegedly intended victims and the community, particularly in light of the serious risk that Defendant would attempt to obstruct justice, as evidenced by her alleged conduct in destroying and/or attempting to destroy evidence prior to her arrest and her disobedience of court directives while in custody. Upon consideration of the factors under 18 U.S.C. § 3142(g), particularly the nature and seriousness of the crimes charged; the lengthy term of incarceration Defendant faces if convicted; the strength of the Government's evidence; and Defendant's personal characteristics and history, particularly her lack of impulse control and remorse and her defensiveness, as found by Dr. Rosenfeld and demonstrated by Defendant's conduct underlying the Family Court Hearing, the Court finds that there is no condition or combination of conditions of release that will reasonably assure the safety of the allegedly intended victims and the community.

Although the substantial bail package proffered on Defendant's behalf and her ties in the community might serve to mitigate any risk of flight, in no way do they provide any assurance that Defendant would not seek to destroy evidence, as the Government contends that she has already done, or to continue to disobey court directives, especially in light of the lack of impulse control and defensiveness found by Dr. Rosenfeld and demonstrated by Defendant's conduct underlying the Family Court Hearing; nor do they indicate any protection for the allegedly intended victims or from the possibility that they would be in danger should she be released.

Accordingly, upon the present record, the Court finds by clear and convincing evidence that there is no condition or combination of conditions of release that could be imposed which would reasonably assure the safety of the allegedly intended victims and the community. Therefore, Defendant's motion for pretrial release is denied.

III. Conclusion

For the reasons set forth above, Defendant's motion for pretrial release pursuant to 18 U.S.C. § 3142(e) is denied.

SO ORDERED.

                                        /s/ *Sandra J. Feuerstein*
                                        Sandra J. Feuerstein
                                        United States District Judge

Dated: September 13, 2019
        Central Islip, New York