```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA
                                          MEMORANDUM & ORDER
         -against-                        19-CR-0245 (JS)

VALERIE CINCINELLI,

                    Defendant.
----------------------------------X
APPEARANCES
For United States:          Catherine Mary Mirabile, Esq.
                            Anthony Bagnuola, Esq.
                            Lara Treinis Gatz, Esq.
                            United States Attorney's Office
                            Eastern District of New York
                            610 Federal Plaza
                            Central Islip, New York 11722

For Defendant:              James Kousouros, Esq.
                            Law Office of James Kousouros
                            260 Madison Avenue, 22nd Floor
                            New York, New York 10016
```

SEYBERT, District Judge:

At an April 16, 2021 plea hearing before this Court, defendant Valerie Cincinelli ("Defendant") pleaded guilty to one count of obstruction of justice. (Apr. 16, 2021 Min. Entry, ECF No. 89.) Before the Court is the Government's letter opposing Defendant's release on bail pending sentencing pursuant to 18 U.S.C. § 3143(a)(1) ("Section 3143"). (Gov't Ltr., ECF No. 90.) Defendant filed a letter in response, arguing release is justified under Section 3143. (Def. Ltr., ECF No. 93.) For the following reasons, the Court finds that Defendant cannot meet her burden under Section 3143. Accordingly, the Court hereby ORDERS that

1

Defendant remain in custody pending sentencing, which is scheduled for October 29, 2021.

BACKGROUND

On or about May 29, 2019, Defendant was indicted on two counts of murder for hire in violation of 18 U.S.C. §§ 1958(a) and 3551, et seq., and one count of obstruction of justice in violation of 18 U.S.C. §§ 1512(c)(1) and 1512(c)(2) and 3551, et seq. The charges relate to an alleged plan, developed by Defendant and her then-boyfriend, to hire a hitman to murder Defendant's ex-husband and her then-boyfriend's teenage daughter, and Defendant's subsequent efforts to obstruct an investigation into this plan.

Defendant has requested release four times throughout these proceedings. First, at her arraignment before Magistrate Judge Anne Y. Shields, Defendant requested and was denied bail. Second, Defendant petitioned District Judge Sandra F. Feuerstein for bail pending trial, arguing "many critical facts have emerged that significantly affect the purported strength of the government's case," including that one of the Government's purported witnesses, Defendant's ex-boyfriend, lacked credibility. (Bail Mot., ECF No. 16, at 8; see also id. at 12-19.) In an order dated September 13, 2019, Judge Feuerstein denied Defendant's request. (See Second Bail Order, ECF No. 32.) In reaching that decision, Judge Feuerstein considered a series of recorded conversations and text messages between Defendant and her ex-

boyfriend; the psychological evaluation of Defendant conducted by a clinical psychologist; and the transcript of a family court hearing involving one of the allegedly intended victims of the murder-for-hire plan (the "Family Court Proceeding"). (Id. at 3.) Applying the factors under the Bail Reform Act ("BRA"), Judge Feuerstein concluded Defendant remained a danger to the community, particularly in light of the recordings and text messages, which demonstrated "Defendant's strong resentment against both the minor victim because of her relationship with her father, Defendant's paramour; and her former husband because he may be entitled to share her pension."  (Id. at 4-5.)  Further, in considering Defendant's personal characteristics and history, Judge Feuerstein found Defendant "lack[s] impulse control and remorse" and behaved defensively, as found by the clinical psychologist and demonstrated by Defendant's conduct in the Family Court Proceedings. (Id. at 5.) Last, Judge Feuerstein expressed concern about Defendant's potential to destroy evidence or disobey court directives, as she had in the Family Court Proceedings.[1] (Id.)

Less than a year later, Defendant applied for and was denied bail by Judge Feuerstein for the third time. (Third Bail Order, ECF No. 54 (oral ruling made on the record).) In short,

---

[1] Defendant's failure to comply with family court directives regarding phone calls to her minor children is addressed in letters submitted by the parties. (See ECF Nos. 29-31.)

3

Judge Feuerstein did not "find anything different from the initial application." (Id. at 4:3-4.) Moreover, Judge Feuerstein found Defendant did not honestly disclose the nature of certain work she had performed while incarcerated, further undermining one of the reasons Defendant advanced for release, namely, unsafe work conditions during the COVID-19 pandemic. (Id. at 4-5, 8.) Judge Feuerstein also found Defendant's attack on the credibility of Defendant's ex-boyfriend, a potential witness, did not change the analysis. (Id. at 6.) Fourth, Defendant appealed the denial of her third request for bail to the Second Circuit, which summarily denied her appeal. (2d Cir. Mandate, ECF No. 66.)

On April 16, 2021, Defendant appeared before this Court[2] and pleaded guilty to obstructing a federal grand jury investigation, Count Three of the Superseding Indictment. (See Min. Entry, ECF No. 89; Superseding Indictment, ECF No. 69.) At the plea hearing, the Court asked for the Government's position regarding bail pending sentencing. The Government opposed release and Defendant responded, requesting bail for the fifth time.

## DISCUSSION

I. Legal Standard

Pursuant to Section 3143, once a defendant has pleaded guilty to a crime, there is a presumption that she should be

---

[2] The matter was reassigned to the undersigned on April 12, 2021.

4

detained pending sentencing. 18 U.S.C. § 3143(a)(1); United States v. Fernandez, 144 F. Supp. 2d 115, 120 (N.D.N.Y. 2001) ("Unlike the situation with regard to pretrial detention, however, the burden is shifted in this case to the defendant to prove that he or she is neither a risk of flight nor a danger to the community." (citing Fed. R. Crim. Proc. 46(c)). The defendant may rebut this "plainly substantial" presumption if the court finds "by clear and convincing evidence that the [defendant] is not likely to flee or pose a danger to any other person or the community." United States v. Aburhamra, 389 F.3d 309, 319 (2d Cir. 2004); 18 U.S.C. § 3143(a)(2)(B); see also United States v. Johnson, No. 16-CR-0457, 2017 WL 11563342, at *1 (E.D.N.Y. Dec. 13, 2017).

II. Analysis

Defendant argues that her guilty plea, pursuant to which the Government agreed to dismiss the murder-for-hire charges, changes the calculus of the Court's prior orders denying bail and constitutes clear and convincing evidence that Defendant is neither a flight risk nor a danger to the community. According to Defendant, the Government's decision to drop the murder-for-hire charges "is the change in circumstances" on which this Court "should focus." (Def. Ltr. at 3.) But having reviewed the prior orders denying bail, as well as the recorded conversations and text messages between Defendant and her ex-boyfriend, the psychological evaluation, and transcripts from the Family Court

5

Proceedings, the Court declines Defendant's invitation and finds the facts supporting detention have not changed: Defendant's strong resentment, as evidenced by recorded conversations and text messages, against both the minor victim because of her relationship with her father, Defendant's ex-boyfriend, and her ex-husband because he may be entitled to share her pension; the findings of the clinical psychologist that Defendant "lack[s] impulse control and remorse"; and Defendant's lack of candor toward this Court and the family court. These facts justified the conclusion in prior orders denying bail that Defendant presents a danger to her community and the victims and that her release presents the risk of further obstruction of justice; the Court does not "find anything different" from Defendant's previous applications in the present application. (See Third Bail Order.) Additionally, this Court has received communications from the alleged adult victims expressing that they both "vehemently oppose" Defendant's release.[3]

Courts routinely deny renewed bail applications where the request relies upon arguments considered and rejected by the court in prior applications. See, e.g., United States v. Belfiore, No. 15-CR-0242, 2020 WL 3000499, at *2 (E.D.N.Y. June 3, 2020) (denying request for bail pending sentencing where the "Court ha[d]

---

[3] The letters will be made available to the Government and Defendant prior to sentence.

6

already concluded that defendant poses an extremely high risk of flight"); United States v. Cooper, 450 F. Supp. 3d 308, 310 (W.D.N.Y. 2020) (denying request for bail pending sentencing where, "[w]ith the exception of the COVID-19 pandemic, all of the arguments advanced by Defendant -- concerning his alleged compliance with pretrial release, his maintenance of two jobs while under pretrial supervision, his lack of a criminal record, and the potential sentence he faces -- were raised at the time the jury returned its verdict, and rejected by the Court"). Here, nothing has changed with regard to the previous findings on bail applications that Defendant has demonstrated strong resentment to the alleged victims; lacks impulse control and remorse; and has not been candid toward this Court and compliant with family court directives.[4] These findings enabled Judge Feuerstein to conclude that the Government carried its burden to detain Defendant pre-trial; as these findings remain unchanged and the burden has shifted to Defendant, Defendant cannot overcome the "plainly substantial" presumption of detention pending sentencing.

The fact that Defendant pleaded guilty to the obstruction of justice charge -- and not the murder-for-hire charges -- further supports Defendant's detention pending

---

[4] Defendant's continued attacks on the credibility of her ex-boyfriend are similarly unavailing, as Judge Feuerstein denied these arguments in past requests. This Court concurs in that conclusion.

sentencing, especially in light of Judge Feuerstein's finding that Defendant's release presents a risk of further obstruction of justice. (See Second Bail Order at 3 (citing cases for the proposition that "a serious risk of obstruction of justice may qualify as a danger to the community").) Indeed, Defendant fails to cite any caselaw to support her argument that pleading guilty to a lesser charge favors her release. And while Defendant takes issue with the Government's reliance on facts related to the murder-for-hire plot to support its request to continue Defendant's detention, the Government argues, and the Court agrees, that these facts may be considered by the Court at the time of sentencing. Cf. United States v. Bruno, 89 F. Supp. 3d 425, 430 (E.D.N.Y. 2015) ("[T]he Court may consider uncharged conduct in assessing the degree of danger posed by a defendant's release." (citing United States v. Rodriguez, 950 F.2d 85, 88 (2d Cir. 1991) (reversing release and ordering detention while rejecting "requirement that the violent conduct . . . be connected to the activity charged in the indictment")). While the Court acknowledges Defendant's exposure to a sentence of more than five years has been significantly reduced, the aforementioned facts -- Defendant's resentment for the alleged victims, lack of impulse control and remorse, and failure to abide by Family Court Proceeding orders -- require a denial. Therefore, Defendant's request for bail pending sentence is DENIED.

## CONCLUSION

For the foregoing reasons, the Court hereby ORDERS that Defendant remain in custody pending sentencing.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June  18 , 2021
　　　　Central Islip, New York